## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JAMES RANDY PHILLIPS and MERCED CRANFORD** | § |
| *Plaintiffs*, | § **Civil Action No. _____** |
| | § |
| **v.** | § |
| | § **JURY TRIAL DEMANDED** |
| **GURUHARI HOSPITALITY, LLC,** | § |
| **JAYANTI PATEL, and NILESH PATEL,** | § |
| | § |
| *Defendants.* | § |
| | § |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW James Randy Phillips ("Phillips") and Mercedita Cranford ("Cranford") (collectively "Plaintiffs") bring this action against Guruhari Hospitality, LLC ("Guruhari Hospitality"), Jayanti Patel, and Nilesh Patel (collectively "Defendants") seeking all available relief, including unpaid back wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other damages allowed by law, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and Georgia common law. The following allegations are based on personal knowledge as to Plaintiffs' own conduct.

# I.
## OVERVIEW

1.     This lawsuit is brought to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq*., and pursuant to Georgia common law to recover unpaid straight time wages and other damages allowed by law.

2.     Defendants own and operate a hotel named Gateway Inn & Suites in Dillard, Georgia.

3.     Plaintiff Phillips is a non-exempt employee who was misclassified as exempt and was paid a salary and no overtime until approximately November 2020.

4.     From approximately November 2020 through the remainder of his employment with Defendants, Plaintiff Phillips was paid an hourly rate and no overtime compensation.

5.     Plaintiff Cranford is a non-exempt employee who was paid an hourly rate and no overtime compensation.

6.     Throughout their employment with Defendants, Plaintiffs were not paid for all hours worked or the correct amount of overtime compensation for all hours worked over forty (40) each week.

7.     Although Plaintiffs routinely worked in excess of forty (40) hours per workweek, Plaintiffs were not paid overtime of at least one and one-half their regular rate for all hours worked in excess of forty (40) hours per workweek.

8.     The decision by Defendants not to pay overtime compensation to Plaintiffs was neither reasonable nor in good faith.

9.     Defendants knowingly and deliberately failed to compensate Plaintiffs for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

10.     Plaintiffs did not perform work that meets the definition of exempt work under the FLSA or Georgia common law.

11.     Defendants knowingly and deliberately misclassified Plaintiff Phillips as an exempt employee not entitled to overtime compensation.

12.     Plaintiffs therefore seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA, and to recover all unpaid straight time wages and other damages owed under Georgia common law.

## II.
## THE PARTIES

13.     Plaintiff James Randy Phillips ("Phillips") worked for Defendants within the relevant time period(s). Throughout his employment with Defendants, Plaintiff Phillips did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

14.     Plaintiff Mercedita Cranford ("Cranford") worked for Defendants within the relevant time period(s). Throughout her employment with Defendants, Plaintiff Cranford did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

15.     Defendant Guruhari Hospitality, LLC ("Guruhari Hospitality") is a domestic limited liability company doing business in the State of Georgia and may be served through its registered agent for service: **Nilesh Patel, 4912 Locklear Way, Marietta, Georgia 30066.**

16.     Defendant Jayanti Patel, a natural person, is a citizen of Georgia and may be served by service upon him at: **1653 Duxbury Ln, Kennesaw, Georgia, 30152**, or wherever he may be found.

17.     Defendant Nilesh Patel, natural person, is a citizen of Georgia and may be served by service upon him at: **4912 Locklear Way, Marietta, Georgia, 30066**, or wherever he may be found.

18.     At all times relevant to this action, Defendants Guruhari Hospitality, Jayanti Patel, and Nilesh Patel employed and/or jointly employed Plaintiffs.

19.     Each Defendant, through its/his/her involvement in operating the aforementioned hotel, has acted directly, or indirectly, in the interest of the employer with respect to the Plaintiffs.

20.     Upon information and belief, at all relevant times, Defendants Jayanti Patel and Nilesh Patel were the Organizers, Owners, and Managers of Guruhari Hospitality.

21.     At all relevant times, Defendants Jayanti Patel and Nilesh Patel exerted operational control over Guruhari Hospitality.

22.     At all relevant times, Defendants controlled the hiring and firing of employees; determined wages and how employees were paid; determined and implemented payroll practices, including, how employees were paid, whether a job position was to be classified as exempt or non-exempt, and how overtime premiums would be calculated; administered disciplinary procedures; and directly supervised, monitored, and controlled the business operations, including, controlling and supervising employees' work schedules, work conditions,

reviewing employees' time record, and creating and maintaining employment records.

23.    During the relevant period, Defendants individually and collectively have been Plaintiffs' 'employer' under 29 U.S.C. § 203(d), which the Supreme Court has recognized as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 Cong. Rec. 7657).

24.    Therefore, Defendants are joint employers for purposes of the FLSA.

25.    As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of Georgia common law and the FLSA, including the overtime provisions.

## III.
## JURISDICTION & VENUE

26.    This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

27.    This Court has supplemental jurisdiction over the additional Georgia common law claims pursuant to 29 U.S.C. § 1367.

28.    This Court has specific personal jurisdiction over Defendants because Defendants are residents of the State of Georgia and Defendants Jayanti Patel and Nilesh Patel reside in Cobb County, which is located in this District and Division.

29.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
## ADDITIONAL FACTS

30.     Defendants own and operate a 63-room hotel facility—Gateway Inn & Suites—located in Dillard, Georgia.

### Plaintiff James Randy Phillips

31.     Plaintiff Phillips worked exclusively for Defendants as a "Hotel Supervisor"[1] at Gateway Inn & Suites in Dillard, Georgia from approximately August 2017 until March 2021.

32.     Throughout the relevant time period, Plaintiff Phillips was not exempt from the FLSA under any recognized exemption.

33.     Plaintiff Phillips did not exercise independent discretion and/or judgment on matters of significance on behalf of Defendants.

34.     Plaintiff Phillips did not customarily and regularly direct the work of two or more other full-time employees or their equivalent.

35.     Plaintiff Phillips did not have the authority to hire or fire other employees and his suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

---

[1]   Although hired as a "Hotel Supervisor," Defendants represented that "there is no assigned job title or position and we all do what it takes to finish the task and keep the business running smoothly."

36.     Plaintiff Phillips did not utilize any special skills or training in the course of his work for Defendants.

37.     Plaintiff Phillips did not possess a specialized degree or certification that he utilized in the course of his work for Defendants.

38.     The primary job duties of Plaintiff Phillips did not materially differ from the duties of Defendants' non-exempt hourly paid employees.

39.     As a "Hotel Supervisor," Plaintiff Phillips's job duties included covering the front desk for one full shift, assisting with laundry, housekeeping, and breakfast, and handling any hotel maintenance issues and customer concerns.

40.     Based on the schedule set by Defendants, Plaintiff Phillips regularly worked over forty (40) hours each workweek he performed services for Defendants. On average, Plaintiff Phillips worked seventy (70) hours or more per workweek.

41.     Plaintiff Phillips was misclassified as exempt and paid a salary but no overtime from the start of his employment with Defendants until approximately November 2020.

42.    Specifically, Defendants paid Plaintiff Phillips a weekly salary[2] of $500 or $520, [3] but did not pay Plaintiff Phillips for all hours worked or overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.[4]

43.    Beginning in approximately November 2020, Plaintiff Phillips was paid an hourly wage but no overtime and was not paid for all hours worked.

44.    Specifically, Defendants paid Plaintiff Phillips an hourly wage of $13.00 an hour but did not pay Plaintiff Phillips for all hours worked or overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

45.    Throughout his employment Plaintiff Phillips's scheduled workweek, as set by Defendants, fluctuated seasonally between five (5) to seven (7) days per workweek.

46.    From the start of his employment until approximately April 2020, Plaintiff Phillips would typically arrive at the hotel and begin working as a "Supervisor" for his shift start time at approximately 8:00 AM, and he would continue working until his shift ended at approximately 4:00 PM.

---

[2] Upon information and belief, Plaintiff Phillips salary was for forty (40) hours a workweek.

[3] Plaintiff Phillips was paid a weekly salary of $500 until approximately July 2019, at which point his weekly salary was increased to $520. From approximately July 2019 to November 2020, Plaintiff Phillips was paid a weekly salary of $520.

[4] Plaintiff Phillips's salary did not meet the salary threshold for exempt.

47.     In addition to his scheduled hours, Defendants would require Plaintiff Phillips to remain working until 12:00 PM on Fridays, Saturdays, and Sundays, which was undocumented and unpaid.

48.     In approximately August 2020, Defendants changed Plaintiff Phillips's schedule. Specifically, from approximately August 2020 until November 2020, Defendants required Plaintiff Phillips to stay at the hotel and remain working 24-hours a day each day he was scheduled to work.

49.     During this time, Plaintiff Phillips was scheduled to (and did) work around seventy-six (76) or more hours each workweek but was not paid for all hours work or overtime compensation for all hours worked in excess of forty (40) hours per workweek.

50.     In approximately November 2020, Defendants reduced Plaintiffs Phillips's "scheduled" shift times. However, despite reducing Plaintiffs Phillips's "scheduled" shift times on paper, Defendants would require him to remain at the hotel 24-hours a day each day he was scheduled to work and continue working outside of his "scheduled" shift times, which was undocumented and unpaid.

51.     Although Plaintiff Phillips was required to remain at the hotel and continue working 24-hours a day each day he was scheduled to work, Defendants only paid him for half of the hours he worked each workweek and did not pay him any overtime compensation.[5]

52.     Throughout Plaintiff Phillips's employment with Defendants, Defendants did not maintain records or otherwise document the actual number of hours worked by Plaintiff Phillips.

53.     Although Defendants recorded Plaintiff Phillips's work schedules, such records do not arcuately reflect the actual hours Plaintiff Phillips worked for Defendants.

54.     Further, because Defendants reduced Plaintiff Phillips "scheduled" work time on paper, but nevertheless required Plaintiff Phillips to remain at the hotel working 24-hours a day each day he was scheduled, and because Defendants required Plaintiff Phillips to work additional hours off the schedule, Defendants have failed to fully account for all hours Plaintiff Phillips worked.

---

[5] Plaintiffs were required to (and did) stay at the hotel 24-hours a day each day they were scheduled to work. However, Defendants would divide the total hours worked by both Plaintiffs by two and would only pay each Plaintiff half of the hours that they each worked.

55.     Additionally, regardless of the number of hours Plaintiff Phillips worked, most of Plaintiff Phillips's paychecks and pay stubs reflect exactly eighty (80) hours worked per pay period.[6]

56.     Defendants failed to maintain accurate recordkeeping of Plaintiff Phillips's hours worked, failed to pay Plaintiff Phillips for all hours worked, and failed to pay Plaintiff Phillips overtime compensation at the rates required by the FLSA.

57.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each workweek.

58.     Plaintiff Phillips regularly worked in excess of forty (40) hours per week but never received overtime compensation.

59.     Defendants denied Plaintiff Phillips compensation for all hours worked and overtime pay for all hours worked in excess of forty (40) hours per workweek as a result of their illegal pay practice.

60.     Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA and Georgia common law.

---

[6] Defendants refused to provide Plaintiffs with their paystub and Plaintiffs were unable to access their paystubs prior to approximately January 2020, at which time Defendants implemented an online payroll service.

### Plaintiff Mercedita Cranford

61.    Plaintiff Cranford worked exclusively for Defendants as a Front Desk Clerk at Gateway Inn & Suites in Dillard, Georgia from approximately August 2017 until March 2021.

62.    Although hired as a "Front Desk Clerk," Plaintiff Cranford also was required to perform work as a laundry attendant, housekeeper, and breakfast attendant.

63.    Based on the schedule set by Defendants, Plaintiff Cranford regularly worked over forty (40) hours each workweek she performed services for Defendants. On average, Plaintiffs worked sixty (60) to seventy (70) hours (or more) per workweek.

64.    Plaintiff Cranford was paid an hourly wage but no overtime.

65.    Specifically, Defendants paid Plaintiff Cranford an hourly wage of $10.00 an hour throughout her employment with Defendants but did not pay Plaintiff Cranford for all hours works or overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

66.    Throughout her employment, Plaintiff Cranford's scheduled workweek, as set by Defendants, normally fluctuated seasonally between five (5) or seven (7) days per workweek.

67.    From the start of her employment until approximately April 2020, Plaintiff Cranford would typically arrive at the hotel and begin working as a Front Desk Clerk for her shift start time at approximately 4:00 PM, and she would continue working as a Front Desk Clerk until her shift ended at approximately 12:00 AM.

68.    In addition to her scheduled hours, Defendants would require Plaintiff Cranford to remain working and assist with housekeeping, laundry, and act as the breakfast attendant, which she was not paid overtime compensation for.

69.    From approximately August 2020 until November 2020, Defendants changed Plaintiff Cranford's schedule. During this time, Plaintiff Cranford was required to remain at the hotel working 24-hours a day each day she was scheduled to work. Plaintiff Cranford's was scheduled to (and did) work around seventy-six (76) or more hours each workweek but was not paid for all hours worked or overtime compensation.

70.    In approximately November 2020, Defendants reduced Plaintiffs Cranford's "scheduled" shift times. Although her "scheduled" shift times were reduced on paper, Defendants still required Plaintiff Cranford to remain at the hotel working 24-hours a day each day she was scheduled to work.

71.     Although Plaintiff Cranford was required to remain at the hotel working 24-hours a day each day she was scheduled to work, Defendants only paid her for half of the hours she worked each workweek and did not pay her any overtime compensation.

72.     As a Front Desk Clerk, Plaintiff Cranford was responsible for providing customer service to Defendants' guests.

73.     Specifically, Plaintiff Cranford's job duties as a Front Desk Clerk consisted of interacting with customers and hotel guests, handling call-in and walk-in hotel reservations, processing credit card and cash payments electronically and in person, safeguarding guest information, handling guest complaints, assisting with guest hospitality, and coordinating guest services.

74.     Additionally, Plaintiff Cranford was required to assist with Housekeeping, which consisted of cleaning and arranging guest rooms, cleaning and maintaining common areas of the hotel, performing laundry services for the hotel's guests, and taking care of the hotel guest's hospitality needs.

75.     Plaintiff Cranford was also required to perform duties as a breakfast attendant.

76.     Defendants recorded Plaintiff Cranford's schedule and hours worked by using a time punch card, which reflected the number of hours she worked per day for each workweek of the two-week pay period.

77.    In August 2020, Defendants told Plaintiff Cranford to stop clocking in and out and thereafter did not maintain records or otherwise document the actual number of hours worked by Plaintiff Cranford.

78.    Although Defendants recorded Plaintiff Cranford's work schedules, such records do not arcuately reflect the actual hours Plaintiff Cranford worked for Defendants.

79.    Further, because Defendants required Plaintiff Cranford to work additional undocumented hours off the schedule, Defendants have failed to fully account for all hours Plaintiff Cranford worked.

80.    As a result of Defendants' failure to maintain accurate recordkeeping of Plaintiff's Cranford's hours worked, Plaintiff Cranford's time and pay records do not accurately reflect the actual number of hours she performed services for Defendants.

81.    Defendants did not maintain records or otherwise document the actual number of hours worked by Plaintiff Cranford.

82.    Defendants failed to maintain accurate recordkeeping of Plaintiff's Cranford's hours worked, failed to pay Plaintiff Cranford for all hours worked, and failed to pay Plaintiff Cranford overtime compensation at the rates required by the FLSA.

83.    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each workweek.

84.    Plaintiff Cranford regularly worked in excess of forty (40) hours per week but never received overtime compensation.

85.    Defendants denied Plaintiff Cranford compensation for all hours worked and overtime pay for all hours worked in excess of forty (40) hours per workweek as a result of their illegal pay practice.

86.    Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA and Georgia common law.

**V.**
**CAUSES OF ACTION**

**<u>COUNT ONE</u>**
**(Violations of the FLSA)**

**A.    FLSA COVERAGE**

87.    Plaintiffs incorporate by reference all paragraphs and allegations as though fully and completely set forth herein.

88.    At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

89.   At all times hereinafter mentioned, Plaintiffs have been individual employees "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 207(a)(1) and as required by 29 U.S.C. §§ 206–07.

90.   At all times hereinafter mentioned, Plaintiffs had "Individual Coverage" via Plaintiffs' job duties and relationship with interstate commerce. Indeed, Plaintiffs' job duties included, but are not limited to, the following work related to interstate commerce: transacting Defendants' business across state lines; handling credit card transactions involving interstate banking and financial institutions; regularly communicating with interstate customers over the phone, on the internet, and in person; handling goods or materials that have been moved interstate; servicing interstate travelers as hotel guests; collecting payments from interstate guests; making reservations for interstate customers on the internet, over the phone, and in person; and using or handling goods, materials, and supplies that were manufactured beyond Georgia's borders and/or transported interstate.

91.   In performing the job duties hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

92.   In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

93.     All previous paragraphs are incorporated as though fully set forth herein.

94.     Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

95.     Plaintiffs have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

96.     Moreover, Defendants knowingly, willfully, and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs overtime compensation. 29 U.S.C. § 255(a).

97.     Defendants knew or should have known their pay practices were in violation of the FLSA.

98.     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

99.    Plaintiffs, on the other hand, were unsophisticated employees who trusted Defendants to pay overtime in accordance with the law.

100.   The decision and practice by Defendant to not pay overtime was neither reasonable nor in good faith.

101.   Accordingly, Plaintiffs are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to their overtime wages, attorneys' fees, and costs.

## COUNT TWO
### (Violations of Georgia Common Law)

## A.    VIOLATIONS OF GEORGIA COMMON LAW

102.   Plaintiffs incorporate by reference all paragraphs and allegations set forth in this complaint as though fully and completely set forth herein.

103.   Plaintiffs further bring this action pursuant to the Georgia common law equitable theory of *quantum meruit* to recover unpaid straight time, which is not covered by the FLSA. *See Thrower v. Peach Cty., Georgia, Bd. of Educ.*, No. 5:08-CV-176 MTT, 2010 WL 4536997, at *5 (M.D. Ga. Nov. 2, 2010).

104.   Plaintiffs are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants.

105.   These claims are independent of Plaintiffs' claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Freeman v. City of Mobile*, 146 F.3d 1292, 1298 (11th Cir.1998).

106.   Plaintiffs provided valuable services for Defendants, at Defendant's direction and with Defendants' acquiescence.

107.   Plaintiffs conferred a valuable benefit on Defendants because Plaintiffs provided services to Defendants without compensation.

108.   Defendants accepted Plaintiffs services and benefited from Plaintiffs' timely dedication to Defendants' policies and adherence to Defendants' schedule.

109.   Defendants were aware that Plaintiffs expected to be compensated for the services Plaintiffs provided Defendants.

110.   Defendants has therefore benefited from services rendered by Plaintiffs, and it is inequitable for Defendants to retain the benefit of Plaintiffs' services without paying fair value for them.

111.   Accordingly, Plaintiffs are entitled to recover pursuant to the equitable theory of quantum meruit.

# VI.
## RELIEF SOUGHT

112.    Plaintiffs respectfully prays for judgment against Defendants as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b.      For and Order pursuant to Georgia common law awarding Plaintiffs unpaid straight time wages and other damages allowed by law;

c.      For an Order awarding the costs and expenses of this action;

d.      For an Order awarding attorneys' fees;

e.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

f.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

g.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:  November 9, 2021          Respectfully submitted,

                                 **MORGAN & MORGAN**

                                 By:    /s/ *Jeremy Stephens*
                                 **Jeremy Stephens**
                                 Georgia Bar No.
                                 jstephens@forthepeople.com
                                 191 Peachtree Street NE, Suite 4200,
                                 Atlanta, Georgia 30303
                                 Telephone: (404) 965-1682
                                 Facsimile: (470) 639-6866

                                 **ANDERSON ALEXANDER, PLLC**

                          By: /s/ *Clif Alexander*
                                 **Clif Alexander** (*Pro Hac Vice Anticipated*)
                                 Texas Bar No. 24064805
                                 clif@a2xlaw.com
                                 **Austin W. Anderson** (*Pro Hac Vice Anticipated*)
                                 Texas Bar No. 24045189
                                 austin@a2xlaw.com
                                 **Lauren E. Braddy** (*Pro Hac Vice Anticipated*)
                                 Texas Bar No. 24071993
                                 lauren@a2xlaw.com
                                 **Blayne Fisher** (*Pro Hac Vice Anticipated*)
                                 Texas Bar No. 24090099
                                 819 N. Upper Broadway
                                 Corpus Christi, Texas 78401
                                 Telephone: (361) 452-1279
                                 Facsimile: (361) 452-1284

                                 ***Attorneys in Charge for Plaintiffs***